# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

JERRY GILLARD,

                        Petitioner,

    v.                                              9:16-CV-513 (MAD/ATB)

THOMAS J. STICHT, Superintendent

                        Respondent.

JERRY GILLARD, Petitioner Pro Se
DENNIS A. RAMBAUD, Ass't Att'y Gen., for Respondent

ANDREW T. BAXTER, U.S. MAGISTRATE JUDGE

## REPORT-RECOMMENDATION

This matter has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and N.D.N.Y. Local Rule 72.3(c).

Petitioner, incarcerated at Wyoming Correctional Facility, filed this petition, pursuant to 28 U.S.C. § 2254, in the Western District of New York on April 14, 2016.[1] (Dkt. No. 1). On April 19, 2016, the Honorable Elizabeth A. Wolford, United States District Judge in the Western District, ordered the petition transferred to the Northern District of New York.[2] (Dkt. No. 2). Petitioner explains that on November 12, 2002, he was sentenced to serve three years to life imprisonment, following a conviction in the Rockland County Court for attempted second degree criminal possession of a

---

[1] Petitioner signed the petition on April 8, 2016, and the envelope indicates that the petition was post-marked April 12, 2016. (Petition ("Pet.") at 1, 8-9) (Dkt. No. 1) and (Envelope) (Dkt. No. 1-1).

[2] The file was electronically transferred to this district on May 4, 2016. (Dkt. No. 5). Petitioner moved for reconsideration of the transfer order, but Judge Wolford denied the motion on May 3, 2016. (Dkt. Nos. 3, 4).

controlled substance. (Pet. at 2).³ On March 1, 2006, after a guilty plea to attempted third degree criminal possession of a weapon, petitioner was sentenced in the Onondaga County Court to serve two years imprisonment, followed by a 1 ½ year term of post-release supervision. (*Id.*) On March 6, 2013, petitioner was convicted of third degree criminal sale of a controlled substance in the Onondaga County Court and was sentenced to serve six years imprisonment, followed by two years of post-release supervision. (*Id.*)

On December 13, 2013, petitioner moved to vacate the 2006 Onondaga County Court judgment and sentence, but the motion was denied on February 25, 2014. (Pet. at 3). His application for leave to appeal was granted, and on March 20, 2015, the Appellate Division, Fourth Department affirmed the County Court's determination. (Pet. at 4). The New York Court of Appeals denied leave to appeal on June 15, 2015. (*Id.*)

In this habeas petition, petitioner argues that the sentence imposed on the 2006 Onondaga County Court conviction was illegal, the State of New York is "clearly miscalculating the Petitioner's aggregate prison term," and that the state courts have violated his right against double jeopardy by refusing to correct the sentence. (Pet. at 6)

Respondent has filed an answer and memorandum of law, together with the applicable state court record. Respondent argues for denial of the petition, claiming

---

³ The cited pages refer to those generated by the Court's electronic filing system ("CM/ECF").

that the petition is untimely.[4] (Dkt. No. 13, 14). Petitioner has filed a traverse. (Dkt. No. 15). For the following reasons, this court will recommend dismissal.

## DISCUSSION

I. **Relevant Facts and Procedural History**

The court will review the facts and procedural history of petitioner's case for clarity. On September 3, 2005, in the 400 block of South Avenue in Syracuse, New York, police officers noticed a Ford Expedition because of the loud music that was emanating from it. (State Court Record ("SR") at 67).[5] One of the officers stated that there had been an "incident" on the 1500 block of West Onondaga Street, during which a "heavy set black male" had been observed with a black handgun, entering a maroon Expedition. (*Id.*) The officers stopped the Ford, and upon discovering that the driver did not have a valid driver's license, they asked the occupants to step out of the vehicle. (SR at 67-68). In addition to a baggie of marijuana and an open alcohol container, the officers found a semi-automatic Walther P38, 9mm handgun under the left rear passenger seat, with ammunition, and with the safety off. (SR at 68).

Petitioner was indicted for criminal possession of a weapon in the third degree.

---

[4] Responded requested, and was granted, the court's permission to limit the response to arguing that the petition is untimely. (Dkt. Nos. 11, 12).

[5] Respondent has filed the state court record, with pages numbered at the bottom, preceded by "SR." (Dkt. No. 14). These facts are taken from the District Attorney's affidavit, responding to the petitioner's N.Y. Crim. Proc. § 440.10 motion to vacate his conviction, dated in December of 2013. The court also notes that there are multiple copies of certain documents in the record. The court will cite to the record using the respondent's numbering system, and when there are multiple copies of a document, the court will cite to the same record pages as respondent's counsel for consistency and ease of review.

3

On December 6, 2005, petitioner pled guilty to a reduced charge of attempted criminal possession of a weapon in the third degree in Onondaga County Court.[6] (*Id.*) Petitioner was sentenced on March 1, 2006 to a determinate term of two years imprisonment with 1 ½ years of post release supervision. (*Id.*) At the petitioner's sentencing, the prosecutor did not file a predicate felony statement, and the court did not find that petitioner was a second felony offender. (SR at 2-4, 6). Petitioner was released from prison on August 24, 2010, and his post release supervision expired on February 24, 2012. (SR at 68). Petitioner is currently incarcerated pursuant to his March 6, 2013 conviction.

On December 19, 2013, plaintiff filed a pro se motion to vacate his 2006 conviction in the Onondaga County Court, pursuant to N.Y. Crim. Proc. Law § 440.10, arguing that the 2006 sentence was illegal because the court erroneously failed to adjudicate him a second felony offender,[7] and the court should have imposed a five year term of post-release supervision instead of the one and one half year term. (SR at 3-4). Plaintiff argued that because the sentence was illegal, he should be allowed to withdraw his guilty plea, and the conviction should be vacated. (SR at 4). The District Attorney opposed petitioner's motion (SR at 14-19), and on February 25, 2014, the Honorable Thomas J. Miller, Onondaga County Court Judge, denied petitioner's motion. (SR at

---

[6] Petitioner's finger prints were later found on the gun's ammunition magazine. (SR at 146).

[7] Plaintiff was referring to his 2002 conviction in Rockland County for attempted criminal possession of a controlled substance in the second degree. (SR at 3). Petitioner was sentenced on November 12, 2002 on the Rockland County conviction and was released on lifetime parole on June 5, 2003. (SR at 151).

4

24-26).

Judge Miller denied petitioner's motion for two specific reasons. (SR at 25). Ultimately, the judge found that, even if petitioner should have been sentenced as a second felony offender, "'there must be a temporal limitation on a court's ability to resentence a defendant.'" (SR at 25) (citing *People v. Williams*, 14 N.Y.3d 198, 217 (2010)). Judge Miller noted that "criminal courts do not have perpetual jurisdiction over all persons who were once sentenced for criminal acts." (*Id.*) In petitioner's case, he had "fully completed his prison sentence and [was] no longer subject to post-release supervision." (*Id.*) Thus, there was no jurisdiction to "resentence" the petitioner. In addition, with respect to petitioner's argument that the "conviction itself should be vacated," Judge Miller found that there was "no credible basis to conclude that the trial court failed to abide by the plea bargain, or that the guilty plea was entered in anything but a knowing, intelligent and voluntary fashion." (*Id.*)

Plaintiff applied for leave to appeal Judge Miller's decision. (SR at 27-30). The Appellate Division, Fourth Department granted leave to appeal. (SR at 35, 53). In his response to petitioner's appeal, the prosecutor expanded upon the arguments that he made before the County Court and added that the imposition of an additional term of post-release supervision *after* the petitioner had already completed his sentence would be in violation of Double Jeopardy. (SR at 91-92). The prosecutor also argued that petitioner's guilty plea was knowing, voluntary, and intelligent. (SR 93-94). Petitioner filed a reply brief. (SR at 95-96).

On March 20, 2015,[8] the Appellate Division affirmed the denial of petitioner's section 440.10 motion to vacate. (SR at 98-99, 105-106). The Appellate Division found that, although petitioner should have been sentenced as a second felony offender in 2006, to a five year period of post-release supervision, the County Court properly declined to vacate the judgment or set aside the sentence because the "defendant completed serving his sentence of incarceration and postrelease [sic] supervision and the Double Jeopardy Clause precluded a resentence adding to the period of postrelease supervision." (SR at 98) (citing *People v. Williams*, 14 NY3d at 217. The court further held that the "imposition of postrelease supervision following his imprisonment for [attempted criminal possession of a weapon] is duplicative and does not deprive him of the benefit of his plea bargain." (*Id.*) (citing *People v Haynes*, 14 AD3d 789, 791 (3d Dep't), *lv denied*, 4 NY3d 831 (2005)).[9] Thus, there was no basis for finding that petitioner's plea was involuntary based upon the error in sentencing.

Petitioner moved to reargue (SR 101-103), but the Appellate Division denied his motion on June 12, 2015. (SR at 121). The New York Court of Appeals denied leave to appeal on June 15, 2015. (SR at 122).

---

[8] The order was "entered" on March 24, 2015. (SR at 104).

[9] In *People v. Haynes*, the defendant claimed that his plea was involuntary because the court neglected to advise him that he would be subject to a period of postrelease supervision. 14 A.D.2d at 791. The court held that since the defendant's sentence for a previous conviction "carries lifetime parole supervision," the imposition of postrelease [sic] supervision following his imprisonment for the current crime "is duplicative and does not deprive him of his plea bargain." *Id.* The same is true in the instant case. Petitioner was already subject to lifetime parole based on his prior conviction. Thus, the error in the imposition of post-release supervision would not have made any difference to petitioner's plea bargain. Whether he served one and one half years or five years of post release supervision would not have affected petitioner because he was already "on supervision," serving lifetime parole.

On November 1, 2015, petitioner made a motion to withdraw his 2006 guilty plea and vacate his conviction in the Onondaga County Court. (SR at 123-29). Petitioner raised new claims, including a request for DNA testing of the gun.[10] (*Id.*) The prosecutor filed opposition papers, arguing inter alia, that some of the petitioner's new claims were procedurally barred because he could have raised them in a direct appeal, but failed to do so pursuant to N.Y. Crim. Proc. Law § 440.10(2)(c). (SR at 149-56). On December 8, 2015, Judge Miller denied petitioner's motion, finding that to the extent he already considered the issues, he declined to consider them again, citing N.Y. Crim. Proc. Law § 440.10(3)(b). To the extent that petitioner was raising new claims that he could have raised in his prior section 440.10 motion, Judge Miller denied them based on petitioner's unjustifiable failure to raise the claims in his previous motion pursuant to N.Y. Crim. Proc. Law § 440.10(3)(c). (SR at 158). Judge Miller also found that petitioner's request for DNA testing was untimely, and that, even if the gun had been tested, and the DNA results were linked to another person, this information would not have established his actual innocence because more than one person could have possessed the gun. (*Id.*) Petitioner applied for leave to appeal, and the prosecutor filed opposition papers. (SR at 160-68, 169). The Appellate Division, Fourth Department denied leave on April 18, 2016. (SR at 170).

## II. Statute of Limitations

---

[10] For the first time, petitioner argued that he pled guilty because his wife threatened him with divorce if he took the case to trial. (SR at 126).

## A. Legal Standard

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") established a one-year statute of limitations for prisoners to seek federal review of their state court criminal convictions. 28 U.S.C. § 2244(d)(1). The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. *Id.* § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal.[11] *Williams v. Artuz*, 237 F.3d 147, 150–51 (2d Cir. 2001).

Other dates from which the limitations period may start running are the date on which an unconstitutional, state-created impediment to filing a habeas petition is removed; the date on which the constitutional right on which petitioner bases his habeas application was initially recognized by the Supreme Court, if the right was newly recognized ***and*** made retroactively applicable; or the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(B), (C), and (D). In *Duncan v. Walker*, 533 U.S. 167, 179 (2001), the Supreme Court stated that this statute of limitations "reduces the potential for delay on the road to finality by restricting the time

---

[11] The ninety-day time period is the time that a petitioner would have to seek direct review of his conviction in the United States Supreme Court and must be counted for purposes of the AEDPA statute of limitations. *Williams v. Artuz*, 237 F.3d at 150 51 (discussing the statutory requirement that the statute of limitations begins to run "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review") (citing 28 U.S.C. § 2244(d)(1)(A)).

that a prospective federal habeas petitioner has in which to seek federal habeas review."

The AEDPA provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending. 28 U.S.C. § 2244(d)(2). The tolling provision only applies if the post-conviction motion was "properly filed" and if it was pending within the one-year limitations period. *Smith v. McGinnis*, 208 F.2d 13, 16 (2d Cir. 2000). Simply filing a post-conviction motion does not re-start the limitations period, and it excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120–21 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances," the court may equitably toll the limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

**B.    Application**

In this case, petitioner seeks to have this court declare that petitioner's 2006 sentence was illegal, his plea was involuntary, and his 2006 conviction should be reversed. Respondent argues that the statute of limitations has run. This court agrees. Petitioner was sentenced for the 2006 conviction on March 1, 2006. (SR at 6). Petitioner did not file a direct appeal, so his conviction became final on March 31, 2006, the expiration of the thirty days that he would have had to take a direct appeal. N.Y. Crim. Proc. Law § 460.10(1)(a). Thus, the statute of limitations started running on March 31, 2006 and expired one year later on March 31, 2007. Giving petitioner the benefit of the mailbox rule,[12] this petition was "filed" on April 8, 2016, more than nine years after the statute of limitations expired.

The law is clear that plaintiff's 2013 section 440.10 motion does not revive the expired statute of limitations. *Roberts v. Artus*, No. 16-CV-2055, 2016 WL 2727112, at *2 (E.D.N.Y. May 5, 2016) (citing inter alia *Smith v. McGinnis*, 208 F.2d at 16; *Bennett v. Artuz*, 199 F.3d at 120). Thus, if the statute of limitations began to run on the date that petitioner's 2006 conviction became final, the statute of limitations expired in 2007 and the court may not consider any of petitioner's arguments.

Petitioner has filed a reply, in which he seems to argue that the statute of limitations has not run because "the factual basis for the Petitioner's present claim that his sentence has yet to expire under New York law . . . did not EXIST until the State's

---

[12] *See Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir. 1993) (under the prison-mailbox rule, the court deems a pro se prisoner's papers filed on the date that the prisoner delivered the papers to prison officials for transmittal to the court). The court does not know exactly when petitioner gave his papers to prison officials, thus, the court will use the date that the petition was signed as the date that it was filed.

miscalculation of the Petitioner's aggregate prison sentence. . . ." (Dkt. No. 15 at 2). Petitioner appears to be arguing that a different date should be used for the commencement of the running of the statute of limitations in this case. Petitioner may be trying to argue that the court should use the date on which the factual predicate for the claim or claims presented could have been discovered through the exercise of due diligence because his claim did not "exist" until the State "miscalculated" his sentence. 28 U.S.C. § 2244(d)(1)(D).

Petitioner's argument has no merit. Petitioner does not include the date that he believes the "State miscalculated" his sentence. Petitioner was well aware when he was sentenced on the 2006 conviction that he had a prior felony and should have received a greater period of post-release supervision. He was also well aware of any claim that he was "coerced" into pleading guilty by his wife's threat of a divorce. The fact that petitioner claims that his current "sentence" has not expired does not change the fact that the statute of limitations has expired with respect to this petition.

Petitioner cites *James v. Walsh*, 308 F.3d 162 (2d Cir. 2002) and *Cimino v. Conway*, No 6:08-CV-6318, 2016 WL 1085546 (W.D.N.Y. Mar. 21, 2016) in support of his argument. In both *James* and *Cimino*, the issue was whether a petition was "second or successive." *Id.* In *James*, the court found that the petition was not second or successive because he was arguing that a current incorrect application of credit for time served violated his constitutional rights, and that the claim did not exist when he

11

brought his previous petition.[13] 308 F.3d at 168. The issue was not whether the statute of limitations had run. In this case, plaintiff is challenging his 2006 conviction for reasons that he could have raised within the statute of limitations, regardless of how he believes that this conviction is currently affecting his sentence.

In *Cimino*, the court found that the petitioner's new claim could not have been raised in his prior petition because it did not "exist" until one of his prior convictions had been reversed. 2016 WL 1085546, at *3. *Cimino* is not applicable to petitioner's case because petitioner's claim that his 2006 conviction was illegal existed prior to 2013 when he brought his section 440.10 motion. His claim did not depend on the court vacating a prior conviction, nor did it depend upon the State's alleged miscalculation of his "sentence" as petitioner argues here.

Petitioner also cites *Smalls v. Batista*, 22 F. Supp. 2d 230 (S.D.N.Y. 1998). In *Smalls*, the court found that the petitioner was still "in custody" for purposes of habeas jurisdiction when the petitioner was serving consecutive sentences. *Id.* The court held that when a petitioner was serving "consecutive sentences," he was in custody under any one of them. *Id.* at 234. First, the petitioner in *Smalls* had been incarcerated the entire time that he was serving his "consecutive sentences." The issue was not the statute of limitations. In this case, petitioner was released in 2010, and his current

---

[13] Petitioner also cites *McCullough v. Fischer*, No. 13-CV-1176, 2014 WL 576260 (W.D.N.Y. Feb. 10, 2014). The court in *McCullough* discusses *James* in its discussion of whether the petition was second or successive. *Id.* at *5. The issue was whether the petitioner's claim "existed" when he filed his first petition. *Id.* Even assuming that these cases apply in this petitioner's case, it is clear that petitioner's "claim" that his 2006 sentence was invalid, "existed" at the time he was sentenced in 2006, and the statute of limitations would have started running when the conviction became final, not at some later time.

sentence is not "consecutive" to a sentence in 2006 that he had completely finished serving in 2012. Thus, *Smalls* does not support petitioner's argument.[14]

The basis of petitioner's claim as stated in his petition, is that his "determinate prison term of 2 years plus 1 ½ years of PRS is illegal. (Pet. at 7). Petitioner was aware of this issue before the statute of limitations ran in 2007. Petitioner now states that New York State "miscalculated the Petitioner's aggregate sentence, arguing that his "illegal" sentence has not been completed for resentencing purposes.[15] While he might be arguing that Judge Miller should have found in 2013 that he could have resentenced petitioner – and therefore that he could still be "resentenced" – it does not change the fact that petitioner could have raised the illegal sentence issue long before 2013.[16] Petitioner is not challenging his current sentence. Thus, petitioner has failed to show that there is any other date from which the statute of limitations could have started to run.

The court has considered whether the statute should be equitably tolled, and finds that there is no basis in the record for such tolling. Petitioner has not shown that he was pursuing his rights diligently or that any extraordinary circumstance stood in his way.

---

[14] In any event, this court is not basing its recommendation on "custody," nor is it finding that the petition is second or successive, in which case it would have to be sent to the Second Circuit for determination.

[15] Petitioner states that under New York Law, all petitioner's "undischarged" sentences run consectuive to one another. (Pet. at 7). However, petitioner's 2006 sentence was discharged when he was released in 2010, and his term of post release supervision ended in 2012. A subsequent conviction could not be "consecutive" to a sentence which had already been satisfied.

[16] Petitioner has withdrawn any reliance on "actual innocence," and he does not raise that basis for excusing his late filing. (Dkt. No. 15 at 1).

13

Thus, petitioner is barred from bringing this petition by the statute of limitations.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that the petition be **DENIED AND DISMISSED**.

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. These objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of HHS*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72.

Dated: September 29, 2016

*[signature: Andrew T. Baxter]*
Hon. Andrew T. Baxter
U.S. Magistrate Judge