**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**JERRY GILLARD,**

                                **Petitioner,**

    **vs.**                                                       **9:16-CV-513
(MAD/ATB)**

**THOMAS J. STICHT, Superintendent**

                                **Respondent.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**JERRY GILLARD**
**13-B-0730**
Wyoming Correctional Facility
P.O. Box 501
Attica, New York 14011
Petitioner *pro se*

**OFFICE OF THE NEW YORK**          **DENNIS A. RAMBAUD, AAG**
**STATE ATTORNEY GENERAL**
New York Office
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

      Petitioner, an inmate currently incarcerated at Wyoming Correctional Facility, filed this petition on April 14, 2016 seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, as a *pro se* litigant. *See* Dkt. No. 1. In his petition for writ of habeas corpus, Petitioner argues that his sentence imposed by the Onondaga County Court in 2006 was illegal, that the State of New York miscalculated his aggregate prison term, and that the state courts have violated his right against double jeopardy by refusing to correct the sentence. *See id.* at 5-6.

On September 29, 2016, Magistrate Judge Baxter issued a Report-Recommendation, recommending that the petition be denied and dismissed on the grounds that the petition was filed outside of the one-year statute of limitation period as required under 28 U.S.C. § 2244(d)(1). *See* Dkt. No. 16. On October 13, 2016, Petitioner filed his objections to Magistrate Judge Baxter's Report-Recommendation. *See* Dkt. No. 17. In his objections, Petitioner contends that his petition is not time-barred because "the State's recent miscalculation that the sentence had fully expired did not exist when the Petitioner could have brought an earlier Petition." *See id.* at 2.

## II. BACKGROUND

Please refer to the Report-Recommendation issued by Magistrate Judge Baxter on September 29, 2016 for the relevant facts and procedural history. *See* Dkt. No. 16 at 3-7.

## III. DISCUSSION

**A.    Statute of Limitations**

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. One of the most significant changes to a prisoner's litigation landscape under the AEDPA was the institution of a one-year statute of limitations applicable to habeas petitions filed after April 24, 1996. *See* 28 U.S.C. § 2244(d). The law now provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an
2

> application created by State action in violation of the
> Constitution or laws of the United States is removed,
> if the applicant was prevented from filing such State
> action;
>
> (C) the date on which the constitutional right
> asserted was initially recognized by the Supreme
> Court, if the right has been newly recognized by the
> Supreme Court and made retroactively applicable to
> cases on collateral review; or
>
> (D) the date on which the factual predicate of the
> claim or claims presented could have been
> discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1); *Cook v. New York State Div. of Parole*, 321 F.3d 274, 279-80 (2d Cir. 2003). As the Supreme Court observed in *Duncan v. Walker*, 533 U.S. 167 (2001), this statute of limitation "reduces the potential for delay on the road to finality by restricting the time that a prospective federal habeas petitioner has in which to seek federal habeas review." *Duncan*, 533 U.S. at 179; *see also Strauss v. Yelich*, No. 09-CV-0341, 2010 WL 1972781, *3 (N.D.N.Y. May 17, 2010)(citing *Duncan,* 533 U.S. at 179).

The one year period generally begins to run from the date on which the state criminal conviction became final by the conclusion of direct review or by the expiration of the time to seek direct review. 28 U.S.C. § 2244(d)(1)(A). If a direct appeal is filed, the judgment of conviction becomes final ninety days after the date that the New York Court of Appeals denies leave to appeal. *Williams v. Artuz*, 237 F.3d 147, 150-51 (2d Cir. 2001).

The AEDPA's statute of limitations contains a tolling provision which can serve to mitigate the potential harshness of the one-year filing requirement. *See* 28 U.S.C. § 2244(d)(2). This provision "balances the interests served by the exhaustion requirement and the limitation period. Section 2244(d)(2) promotes the exhaustion of state remedies by protecting a state prisoner's ability later to apply for federal habeas relief while state remedies are being pursued.

3

At the same time, the provision limits the harm to the interest in finality by according tolling effect only to properly filed application[s]..." *Pace v. Diguglielmo*, 544 U.S. 408, 427 (2005) (quoting *Duncan*, 533 U.S. at 179-80). It is well-settled that this savings provision only tolls the statute of limitations during the pendency of a properly-filed state court proceeding; it does not "reset" the one-year limitation period. *See Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000); *Duell v. Conway*, No. 9:07-CV-1321, 2010 WL 2695641, *4 (N.D.N.Y. May 6, 2010) (citation omitted).

The AEDPA provides that the one year limitations period will be tolled while a "properly filed" state court post-conviction motion is pending and only if it was filed within the one-year limitations period. 28 U.S.C. § 2244(d)(2). The tolling provision excludes from the limitations period only the time that the motion remained undecided, including the time during which an appeal from the denial of the motion was taken. *See Bennett v. Artuz*, 199 F.3d 116, 120-21 (2d Cir. 1999), *aff'd*, 531 U.S. 4 (2000).

Although the AEDPA does not provide that the statute of limitations may be tolled for any reasons other than the pendency of a state post-conviction motion, in "extraordinary circumstances" the court may equitably toll the limitations period. *Holland v. Florida*, 560 U.S. 631, 649 (2010). In order to warrant equitable tolling, the petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. (quoting *DiGuglielmo*, 544 U.S. 408, 418 (2005)) (internal quotation marks omitted). The Second Circuit has also determined that courts should consider a claim of "actual innocence" as a basis for excusing late filing under the AEDPA. *See Rivas v. Fischer*, 687 F.3d 514, 548 (2d Cir. 2012).

**B.     Application**

4

In his objections to Magistrate Judge Baxter's Report-Recommendation, Petitioner contends that his petition is not time-barred and that he has complied with the one-year statute of limitations period imposed by the AEDPA. *See* Dkt. No. 17 at 2. Petitioner seeks to have this Court declare that his 2006 sentence was illegal, his plea was involuntary, and his 2006 conviction should be vacated. Respondent argues that the statute of limitations has run.

In the present case, Petitioner was sentenced for the 2006 conviction on March 1, 2006. *See* Dkt. No. 14 at 8. Petitioner did not file a direct appeal, so his conviction became final on March 31, 2006, thirty days after the expiration of the opportunity to file a direct appeal. N.Y. Crim. Proc. Law § 460.10(1)(a). Thus, the statute of limitations started running on March 31, 2006 and expired one year later on March 31, 2007. Giving Petitioner the benefit of the prison mailbox rule, this petition was "filed" on April 8, 2016, more than nine years after the statute of limitations expired.

The law is clear that Petitioner's 2013 section 440.10 motion does not revive the expired statute of limitations. *See Robert v. Artus*, No. 16-CV-2055, 2016 WL 2727112, *2 (E.D.N.Y. May 5, 2016) (citing *Smith v. McGinnis*, 208 F.3d 13, 16 (2d Cir. 2000); *Bennett v. Artuz*, 199 F.3d 116, 120 (2d Cir. 1999)). Since Petitioner's section 440 motion did not revive the statute of limitations, which expired on March 31, 2007, the petition is untimely.

In his reply, Petitioner appears to argue that the statute of limitations has not run because "the factual basis for the Petitioner's present claim that his sentence has yet to expire under New York law . . . did not EXIST until the State's miscalculation of the Petitioner's aggregate prison sentence. . . ." Dkt. No. 15 at 2. Petitioner appears to be arguing that a different date should be used for the commencement of the running of the statute of limitations on this case. Petitioner may be trying to argue that the Court should use the date on which the factual predicate for the

claim or claims presented could have been discovered through the exercise of due diligence because his claim did not "exist" until the State "miscalculated" his sentence. 28 U.S.C. § 2244(d)(1)(D).

Additionally, in Petitioner's objections to Magistrate Judge Baxter's Report-Recommendation, Petitioner seems to argue that the statute of limitations has not run because "[t]he Petitioner's 2006 sentence has yet to expire under New York law because all of the Petitioner's sentences aggregate into one term of imprisonment therewith a maximum term of LIFE pursuant to the Petitioner's 2003 indeterminate sentence of 3 years to LIFE. . .[and] [a]ll of the Petitioner's sentences (2003, 2006 & 2013) are consecutive by operation of law. . ." Dkt. No. 17 at 2.

As Magistrate Judge Baxter correctly determined, Petitioner's arguments have no merit. Petitioner does not include the date that he believes the "State miscalculated" his sentence. Petitioner was well aware when he was sentenced on the 2006 conviction that he had a prior felony and should have received a greater period of post-release supervision. He was also well aware of any claim that he was "coerced" into pleading guilty by his wife's threat of a divorce. The fact that Petitioner's current "sentence" for his 2013 conviction has not expired does not change the fact that the statute of limitations has expired with respect to this petition.

Petitioner cites *James v. Walsh*, 308 F.3d 162 (2d Cir. 2002) and *Cimino v. Conway*, No. 6:08-CV-6318, 2016 WL 1085546 (W.D.N.Y. Mar. 21, 2016) in support of his argument. In both *James* and *Cimino*, the issue was whether the petition was "second or successive." *Id.* In *James*, the court found that the petition was not second or successive because he was arguing that a current incorrect application of credit for time served violated his constitutional rights, and that the claim did not exist when he brought his previous petition because "James could not have

argued that he was in custody in violation of laws of the United States before the time when, according to his calculations, he could have been released." *James,* 308 F.3d at 168. The issue in *James* was not whether the statute of limitations had run.[1] In this case, Petitioner is challenging his 2006 conviction for reasons that existed in 2006 and that he could have raised within the statute of limitations, regardless of how he believes the 2006 conviction is currently affecting his sentence.

In *Cimino*, the court found that the petitioner's new claim could not have been raised in his prior petition because it did not "exist" until one of his prior convictions had been reversed. *Cimino*, 2016 WL 1085546, at *3. *Cimino* is inapplicable to this case because Petitioner's claim that his 2006 conviction was illegal existed prior to 2013 when he brought his section 440.10 motion.

Petitioner also cites *Smalls v. Batista*, 22 F. Supp. 2d 230 (S.D.N.Y. 1998). In *Smalls*, the court found that the petitioner was still "in custody" for purposes of habeas jurisdiction when the petitioner was serving consecutive sentences. *Id*. The court held that when a petitioner was serving "consecutive sentences," he was in custody under any one of them. The issue was not the statute of limitations. In this case, Petitioner was released in 2010 and he completely finished serving his sentence in 2012 upon the expiration of his term of post-release supervision. Therefore, as Magistrate Judge Baxter correctly determined, Petitioner's sentence from his 2013 conviction is not "consecutive" to his 2006 sentence.

---

[1] Petitioner also cites *McCullough v. Fischer*, No. 13-CV-1176, 2014 WL 576260 (W.D.N.Y. Feb. 10, 2014). The court in *McCullough* discusses *James* to determine whether the petition was second or successive. *Id.* at *5. The issue was whether the petitioner's claim "existed" when he filed his first petition. *Id.* Even assuming that these cases apply in this Petitioner's case, it is clear that Petitioner's "claim" that his 2006 sentence was invalid, "existed" at the time he was sentenced in 2006, and the statute of limitations would have started running when the conviction became final, not at some later time.

The Court has considered whether the statute should be equitably tolled and finds that there is no basis in the record for such tolling. Under 28 U.S.C. § 2244(d), a petitioner is allowed equitable tolling where it can be shown that (1) he has been diligently pursuing his rights; and (2) that some extraordinary circumstance prohibited him from filing his petition in a timely manner. *See Holland v. Florida*, 560 U.S. 631 (2010). As Magistrate Judge Baxter correctly determined, Petitioner has not shown that he was pursuing his rights diligently or that any extraordinary circumstances stood in his way.[2]

As Magistrate Judge Baxter correctly determined, Petitioner's conviction became final on March 31, 2006 and the AEDPA's one-year statute of limitations expired on March 31, 2007. Further, the Report-Recommendation correctly determined that Petitioner has failed to present any reason why the statute of limitations should be tolled. As such, the Court grants Respondent's motion and dismisses the petition as untimely.

## C. Certificate of Appealability

The Court notes that 28 U.S.C. § 2253(c)(1) provides in relevant part that, "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from — (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]"[3] 28 U.S.C. § 2553(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

---

[2] As noted in the Report-Recommendation, Petitioner has withdrawn any reliance on "actual innocence" and he does not raise that basis for his late filing. *See* Dkt. No. 15 at 1.

[3] Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1).

Since Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

## IV. CONCLUSION

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Baxter's September 29, 2016 Report-Recommendation is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: January 23, 2017
       Albany, New York

Mae A. D'Agostino
U.S. District Judge